SCHOOL DISTRICT NO. 5, FRACTIONAL, OF BYRON AND
WYOMING TOWNSHIPS *v.* LONG.

1. Schools and School Districts—Teacher's Salary—Order on
    Treasurer—Duty of Treasurer.

    Where an order on a school treasurer for the amount of
    the regular monthly wages of a teacher was regular on
    its face, it was the treasurer's duty to pay it, although
    there was no deduction because of absence of the teacher
    for a portion of the month.

2. Same—Teacher's Salary—Deduction of Wages—Consent—
    Question for Jury.

    In an action by a school district against the treasurer to
    recover a portion of the primary school funds used to
    pay unqualified substitute primary teachers during the ab-
    sence of the regular teacher, where it appeared that de-
    fendant refused to cash an order for the full amount of
    the teacher's wages but gave a check for a certain sum
    after making deduction of wages paid the substitutes and
    it was accepted, whether such retention and use by him
    was with the teacher's consent was, under conflicting
    evidence, a question of fact upon the determination of
    which defendant's liability depended, as he would not be
    liable if she consented, and would be if she did not con-
    sent thereto.

Error to Kent; Barton, J., presiding. Submitted
October 22, 1917. (Docket No. 76.) Decided Decem-
ber 27, 1917.

Assumpsit in justice's court by School District No.
5, fractional, of Byron and Wyoming townships
against Peter D. Long for money had and received.
There was judgment for plaintiff, and defendant ap-
pealed to the circuit court. Judgment for defendant
on a directed verdict. Plaintiff brings error. Re-
versed.

*Hatch, McAllister & Raymond,* for appellant.

*Lombard, Hext & Washburn,* for appellee.

STONE, J.   Action by a school district, under the authority of the taxpayers, to recover a portion of the primary school funds alleged to have been unlawfully used by the defendant as treasurer of the district, and not turned over or accounted for to his successor, but unlawfully used by defendant as such treasurer in paying his daughter and another young woman (neither of whom was a qualified teacher) for assisting the principal in said school during the absence of the regular primary teacher.   On November 6, 1913, Miss Ruthven, the primary teacher, owing to the death of her brother, found it necessary to be absent from the school for a number of days, and she missed six days of school.   Before leaving Miss Ruthven told the director that she had to go away, but she testified that she made no arrangements for any one to take her place.   The director testified that she asked him to call up the principal of the school and have him get some one to take her place, and the principal testified that at the suggestion of the director it was so arranged that the daughter of the defendant, as assistant, taught five days and the other young woman taught one day during such absence.

On November 20, 1913, Miss Ruthven received from the director an order on the defendant as treasurer of the district, duly countersigned by the moderator, for $35, payable out of the primary school fund, on account of teacher's wages, being her regular monthly wages, and this order covered the period of her absence, without deduction for such absence.   She went to defendant's home that evening to collect the order, and she testified, in substance, that she handed the order directly to the defendant when she went into the house; that he took the order, read it over, and said to her that there were six days that she did not

teach, and was not to get pay for, and told her that there were two girls who took her place when she was gone; that Miss Ruthven told him that she did not think they were qualified teachers, and that they were not entitled to draw full pay; that she did not think he should hold out money to pay the girls, stating that she could pay her own debts. She testified that she was at defendant's house about an hour, and tried while there to get the money on her order, that she repeated the statement that she did not need anybody to pay her debts, and that she could pay the girls as well as he could.

There was evidently some friction between the defendant and the director, for Miss Ruthven testified that the defendant said "he did not want to make it any hotter for Mr. Brudi, the director, than he had to." Finally the defendant kept the order, gave her his check for $24.50, which she claims she accepted reluctantly; that it was all she could get, and she went away. It is undisputed that defendant afterwards paid to his daughter, $8.75, and to the other assistant $1.75, aggregating the sum withheld on the order of $10.50.

There was a sharp conflict in the testimony as to what occurred at defendant's house when the order was presented for payment. The defendant and his wife testified, in substance, that Miss Ruthven expressly authorized the defendant to retain the $10.50 out of the order and to pay the girls for her, that she requested him to disburse the money in that way, and that he did so. She fully stating that she was satisfied. In fact the testimony on behalf of defendant was to the effect that he acted as the agent of Miss Ruthven in paying the girls. It appeared upon the trial that while Miss Ruthven was a minor, she had the right to collect her wages as a teacher, and had been fully emancipated by her father in so far as this mat-

ter was concerned. It further appeared that the district board in the month of May, 1914, gave Miss Ruthven another order for $10.50, which was paid, that being to restore the amount retained by the defendant from her former order, and paid to the girls by him.

At the conclusion of the testimony the plaintiff moved that a verdict be directed in favor of the plaintiff for the amount of $10.50 and interest, for the reason that under the undisputed evidence the primary school fund had been diverted to purposes contrary to the provisions of sections 4676 and 4678, 2 Comp. Laws (2 Comp. Laws 1915, §§ 5678, 5680). The court denied the motion and directed a verdict in favor of the defendant, and a verdict and judgment for defendant were entered accordingly.

The plaintiff has brought the case here for review. Among other assignments of error are the following:

"2. The court erred in denying the motion of plaintiff that a verdict be directed in favor of plaintiff for the amount of its claim, for the reason that under the undisputed evidence in the case, the primary school funds have been diverted to purposes contrary to the statute."

"3. The court erred in directing a verdict in favor of defendant and against the plaintiff in said cause."

"6. The court erred in charging the jury as follows: 'I hold that the issuance of order No. 103, being Exhibit No. 2 in this case, was a liquidation of the amount then and there due and owing to Miss Ruthven, and thereby a designation or appropriation of $35 of the primary school fund then in the hands of the treasurer. On the face of it, the order was regular, and, as contended by the plaintiff, it was the duty of the treasurer to pay it, which he did. That he paid it there is no dispute by the issuance of a check, whether it was his personal check or as treasurer, it is immaterial, she accepted that check, and received the money on it. Whether or not she received that amount under protest or otherwise is immaterial in this case,

because she left the order with the treasurer.. Whether she left it there by reason of a threat or voluntarily, whether she was under duress, so to speak, and by reason of being in that position left it, or whether she did it voluntarily, is immaterial.'"

It is our opinion that the court did not err in refusing to direct a verdict for the plaintiff, but that it did err in directing a verdict for the defendant. We think that there was a question of fact which should have been submitted to the jury under proper instructions. We agree with the trial court in the statement that:

"On the face of it, the order was regular, and as contended by the plaintiff, it was the duty of the treasurer to pay it."

Whether he did pay it or not was a question of fact. Manifestly, if Miss Ruthven consented to the retention of the $10.50 by the defendant,. and if she authorized him to pay out that money for her to the girls, the defendant is not liable, for, the money belonging to Miss Ruthven, she could do what she liked with it. On the other hand, if Miss Ruthven did not consent to such disposition of the money, the defendant had no right to retain it and disburse it as he did, and is liable for the amount.

The judgment of the court below is reversed, with costs to plaintiff, and a new trial granted.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.